**Dennis BUCHHOLZ, Plaintiff—Appellant,**

v.

**Jo Anne BARNHART,\* Commissioner of Social Security, Defendant—Appellee.**

No. 01–35470.

D.C. No. CV–99–00823–MJP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 11, 2002.

Decided Jan. 21, 2003.

Before BROWNING, FISHER and TALLMAN, Circuit Judges.

MEMORANDUM \*\*

Dennis Buchholz appeals the district court's affirmance of the Social Security

script produced by appellee in addressing the merits of the appeal.

\* Jo Anne Barnhart is substituted for her predecessors Kenneth G. Apfel and Larry G. Massanari as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Commissioner's decision denying his application for Social Security Disability Insurance Benefits and Supplemental Security Income payments.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's affirmance of the Commissioner's denial of benefits. *Tackett v. Apfel,* 180 F.3d 1094, 1097 (9th Cir.1999). Since we conclude that the Administrative Law Judge ("ALJ") erred at steps three, four, and five of the sequential disability evaluation process, we reverse the judgment of the district court and remand to the Commissioner for further proceedings consistent with this memorandum disposition.

At step three of the sequential evaluation process, the ALJ held that Buchholz "has no impairment which meets the criteria of any of the listed impairments," based on his view that no "treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment." The ALJ erred in two respects: (1) he improperly rejected the testimony of Buchholz's treating physician, and (2) he applied an incorrect legal standard.

■ Dr. Schneider, Buchholz's treating physician, diagnosed Buchholz with moderate spinal stenosis and submitted interrogatory responses supporting his findings under the criteria of what was then listing 1.05C. The ALJ failed to provide clear and convincing reasons, based on substantial evidence in the record, for rejecting this evidence. *See Regennitter v. Comm'r,* 166 F.3d 1294, 1298–1299 (9th Cir.1999). As the Commissioner concedes, Dr. Schneider provided documentation and data for his findings in the interrogatory responses. For example, Dr. Schneider attached an MRI scan, which he discussed in the responses. He also referenced the records of his previous examinations. We further note that the ALJ misinterpreted Dr. Schneider's statement that Buchholz "would not be limited in any prolonged standing or sitting as a consequence of his cervical injury alone" as inconsistent with his statement that Buchholz has "significant limitation of motion in the spine," when Dr. Schneider specified that the latter statement pertained to *both* the cervical and lumbar spine.

■ In addition, as the Commissioner concedes, the ALJ improperly held that Buchholz did not meet the durational requirement. The twelve month duration standard applies to listed impairments for which there is no specific statement of duration. 20 C.F.R. §§ 404.1525(a). However, the listing in question here, 1.05C, did have a specific statement of duration. Listing 1.05C as then in effect required that the conditions persist "for at least 3 months despite prescribed therapy and [are] expected to last 12 months." *Id.,* 20 C.F.R. Pt. 404, Subpt. P, App. 1 (1999).

We therefore reverse and remand for application of the correct durational standard and proper evaluation of the evidence, giving due weight to the interrogatory responses of Dr. Schneider, the treating physician. On remand, the ALJ must evaluate Buchholz's impairments using the current listings and procedures set forth at 20 C.F.R. Pt. 404, Subpt. P, App. 1. In addition, the ALJ must seek additional evidence if the ALJ concludes the record is not sufficiently developed. *Smolen v. Chater,* 80 F.3d 1273, 1288 (9th Cir.1996).

■ The ALJ also erred at steps four and five by rejecting evidence of Buchholz's non-exertional limitations. The ALJ improperly ignored the testimony of Mrs. Buchholz as to her husband's pain and postural limitations. *See Dodrill v. Shalala,* 12 F.3d 915, 918–919 (9th Cir.1993) (disregarding evidence from family mem-

bers in a position to observe the claimant, without providing reasons for the rejection, "violates the Secretary's regulation that he will consider observations by non-medical sources as to how an impairment affects a claimant's ability to work") (citation omitted). The ALJ also improperly rejected the testimony of Buchholz and his treating physician as to his pain and other non-exertional limitations based on his finding that Buchholz was not credible. An ALJ's determination that a claimant is not credible is entitled to "great weight" only if it is supported by "explicit," "specific" and "cogent" reasons for the ALJ's disbelief. *Rashad v. Sullivan,* 903 F.2d 1229, 1231 (9th Cir.1990). Here, the explicit and specific reasons offered by the ALJ were not cogent. The record does not support the ALJ's statement that Buchholz's claimed limitations were "in direct contradiction to Dr. Schneider's evaluation...." Furthermore, the ALJ's observation that Buchholz had "oily and dirty" hands at the hearing does not support the ALJ's claim that Buchholz must therefore be capable of "the sort of lifting, bending, and reaching that are necessary in automobile maintenance work [and] are inconsistent with a claim of functional incapacity." Buchholz testified extensively to his inability to lift, bend, or reach, and testified that it took him half a day simply to change the oil in his car. *See Lester v. Chater,* 81 F.3d 821, 833 (9th Cir.1995) (noting that it is the claimant's ability to work on a sustained basis that is relevant, and that the sporadic ability to work is not inconsistent with a disability). Finally, it is unclear how, if at all, Buchholz's medical marijuana use affects his credibility.

If the ALJ concludes that Buchholz has failed to show that his impairment meets a listed impairment, the ALJ must consider evidence of Buchholz's non-exertional limitations when evaluating Buchholz's residual functional capacity and ability to perform work at steps four and five.

In performing step five of the analysis, the ALJ may not rely exclusively on the Medical–Vocational Guidelines and must instead hear the testimony of a vocational expert if the ALJ concludes that Buchholz's non-exertional limitations "are sufficiently severe so as to significantly limit the range of work permitted by the claimant's exertional limitations." *Burkhart v. Bowen,* 856 F.2d 1335, 1340 (9th Cir.1988) (internal quotation marks and citations omitted).

Reversed and remanded to the Commissioner for further proceedings at step three, and if applicable, at steps four and five.

**REVERSED AND REMANDED.**